UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:12-cv-792-FDW
(3:05-cr-104-FDW-DSC-16)

| | |
|---|---|
| HOWARD EDWARD McCALL, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | |
| ) | **ORDER** |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

**THIS MATTER** comes before the Court on Petitioner's Motion for Reconsideration (Doc. No. 9).

### I. BACKGROUND

Petitioner filed a *pro se* Motion to Vacate that was docketed in the instant civil case pursuant to 28 U.S.C. § 2255, alternatively pursuant to 28 U.S.C. § 2241, on March 29, 2012, (Doc. No. 1), arguing that his sentence is illegal pursuant to United States v. Simmons, 649 F.3d 237 (4th Cir. 2011). The Court dismissed the § 2255 petition as untimely, and denied the § 2241 petition, on November 30, 2012. McCall v. United States, 2012 WL 5995535 (W.D.N.C. Nov. 30, 2012). Petitioner moved for reconsideration, which the Court denied on December 27, 2012. The Fourth Circuit Court of Appeals denied a certificate of appealability and dismissed Petitioner's appeal. United States v. McCall, 527 Fed. Appx. 262 (4th Cir. 2013).

On July 22, 2014, Petitioner filed a second § 2255 proceeding that was opened as a new civil case, number 3:14-cv-416-FDW. The Court dismissed it as an unauthorized successive § 2255 on July 30, 2014. McCall v. United States, 2014 WL 3749230 (W.D.N.C. July 30, 2014).

1

Petitioner sought leave to file a second or successive § 2255 petition which the Fourth Circuit denied on August 15, 2014. (3:05-cr-104, Doc. No. 822).

Petitioner filed the instant Motion for Reconsideration in the instant case on October 11, 2017, asking the Court to reconsider its December 27, 2012, Order denying the § 2255 relief under Simmons.

**II.  LEGAL STANDARDS**

Rule 60 provides permits a court to correct orders and provide relief from judgment under the following circumstances:

> (1) mistake, inadvertence, surprise, or excusable neglect;
> (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
> (4) the judgment is void;
> (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
> (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

A Rule 60(b) motion must be made within a "reasonable time," and for reasons (1) through (3), "no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c). The party moving for relief from judgment under Rule 60(b) bears the burden of showing timeliness. Wells Fargo Bank, N.A. v. AMH Roman Two NC, LLC, 859 F.3d 295 (4th Cir. 2017).

Rule 60(b) is an "extraordinary remedy" which sets aside "the sanctity of [a] final judgment." Compton v. Alton Steamship Co., Inc., 608 F.2d 96, 102 (4th Cir. 1979) (citation and internal quotation marks omitted). A movant must first show that he has moved in a timely fashion,

2

that he has a meritorious defense to the judgment, that the opposing party would not be unfairly prejudiced by a set aside, and show exceptional circumstances. See Aikens v. Ingram, 652 F.3d 496, 501 (4th Cir. 2011); Werner v. Carbo, 731 F.2d 204, 206-07 (4th Cir. 1984) (citing Compton, 608 F.2d at 102). If a petitioner satisfies these requirements, then he must show that his motion falls under one of the six grounds set forth in Rule 60(b). Werner, 731 F.2d at 207. Relief from judgment under Rule 60(b)(6) should be granted only upon a showing that relief is "appropriate to accomplish justice" in "situations involving extraordinary circumstances." Dowell v. State Farm Fire Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir.1993) (internal quotation marks and citation omitted). A change in decisional law subsequent to a final judgment provides no basis for relief under Rule 60(b)(6). Id.

Where a petitioner seeks relief from a judgment under Rule 60(b) on grounds other than a clerical mistake, courts must treat such a motion as seeking successive post-conviction relief when failing to do so would allow the applicant to evade the bar against re-litigation of claims presented in a prior application or the bar against litigation of claims not presented in a prior application. United States v. Winestock, 340 F.3d 200, 206 (4th Cir. 2003) (requiring district courts to review Rule 60(b) motions to determine whether such motions are tantamount to a § 2255 motion); 28 U.S.C. § 2244(b)(3)(A) ("[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.").

As a general matter, "a motion directly attacking the prisoner's conviction or sentence will usually amount to a successive application, while a motion seeking a remedy for some defect in the collateral review process will generally be deemed a proper motion to reconsider." Winestock, 340 F.3d at 207; see also Gonzalez v. Crosby, 545 U.S. 524, 531-33 (2005) (concluding that a

Rule 60(b) motion for relief from judgment that directly challenges the underlying conviction constitutes a successive § 2254 petition).

## III. DISCUSSION

Petitioner seeks reconsideration of the Court's Order denying reconsideration of his § 2255 Simmons claim. First, the Motion for Reconsideration is time-barred. Petitioner seeks reconsideration of an Order that the Court issued nearly five years before the Motion for Reconsideration was filed. Petitioner fails to cite any new fact or change of law that would make this Motion timely, or that would cast doubt on the Court's disposition of the original § 2255 Motion to Vacate. Second, the Court lacks jurisdiction to grant the relief that Petitioner seeks. Petitioner basically asks the Court to reconsider the merit of his § 2255 Simmons claim. The Motion for Reconsideration is, therefore, in essence an unauthorized second or successive application for § 2255 relief over which this Court lacks jurisdiction.

## IV. CONCLUSION

For the reasons stated herein, Petitioner's Rule 60(b) Motion for Reconsideration is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion for Reconsideration, (Doc. No. 9), is **DENIED**.

2. **IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 and Section 2255 Cases, this Court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); Miller–El v. Cockrell, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); Slack v. McDaniel, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the

dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right); see also United States v. Ethridge, 664 Fed. Appx. 304 (4th Cir. 2016) (a defendant is required to obtain a COA to appeal the denial of a Rule 60(b) motion that is not recharacterized as a § 2255 motion to vacate).

Signed: May 28, 2018

Frank D. Whitney
Chief United States District Judge